Good morning, your honors. Theron Hall on behalf of the appellant Florentino Marquez-Lobos. The points I'd like to make, first of all, is Arizona's kidnapping statute is not categorically a crime of violence. We feel pretty confident in our brief that we presented can be found a crime of violence for two reasons. One, if it had the use, threatened use, or attempted use of force, and we quoted ample case law from Arizona that Arizona's kidnapping statute does not require any type of force or attempted or threatened use of force. And second of all, if it were to fall within the kidnapping, the generic term of kidnapping. And in our brief, we pointed out that Arizona's law is sufficiently more broad than most states in regards to kidnapping, in particular, the term of restraint. In Arizona, the restraint can be, if even if someone gives their consent at 17 years of age, it could still be considered kidnapping if you were to have that person restrained for a nefarious purpose, even though there is no use of force, attempted use of force, or the other person is considering to that restraint. What role, if any, does Gonzalez-Perez play in our analysis? Well, I think Gonzalez-Perez sets out what this Court has defined the definition of kidnapping as. And it requires, first of all, that there be some type of restraint and that there also be a nefarious purpose. What I'd argue that isn't that found in this situation? Well, it's a little bit different because Arizona's restraint goes beyond what the generic term of restraint is for most states. And furthermore, the nefarious purposes the Arizona statute has is much more broad than the generic term for the model penal code and as well as the majority of all states. Is Arizona's law divisible? Yes, it is. That's what we're arguing. It would be divisible. What about the age requirement? It seems that a majority of the states don't have an age requirement, whereas Arizona does. So then, you know, we're into this other world of the ordinary case versus the not ordinary case. And what is your analysis on that point? Well, approximately half the states have an age requirement. And Arizona's in the minority regarding the age, because most of those, it's definitely 17 or younger. Now, even though a lot of the others don't have an age requirement. 24 have an age requirement. Okay. And the ones that don't have an age requirement, they vary considerably in the formulation of the kidnapping, but they divide things a little bit differently. And in those cases, they require some type of consent. And by far and away, the majority of those require consent of 16 or younger. And so even though there's not an age requirement, those states still have a consent age of 16. And so it varies considerably. And so Arizona is definitely in the minority when it comes to age. Does that make a difference? I mean, look, we've got the Fifth Circuit in Iniguez, Barbara. And, well, we've got several cases. There's that one. We've got Jose Jesus Ventura, D.C. Circuit, and Soto Sanchez from the Sixth Circuit, where the courts have upheld statutes that basically they weren't constraining them as narrowly as you are, and they found that they were categorically included. Well, how should we deal with that? Well, I just think, once again, we have to look at Arizona statute. And Arizona includes things that these other states just don't have. The nefarious purposes go above and beyond. They have the model penal code only has four. Arizona has six. And I know in my reply brief, I gave an example of a co-pilot. If the bathroom and the co-pilot were to lock the door, that would be a restraint. You'd be prohibiting his movement. And if he took control of the plane, you would be found guilty of kidnapping in Arizona, whereas that would not be the case in most other states. And so not only do we have the nefarious purposes that are more broad, the whole, well, the perfect analogous, I mean, the example is in Arizona, if you were to take a minor who's consenting at the age of 17 and drive them to go have a sexual intercourse with them, the sexual intercourse would not be, per se, a categorical crime of violence, whereas, according to what the government's proposing, driving them to that place would be. And that would be, would just not make any sense, that driving the person there would be a crime of violence, but the actual sexual act wouldn't be. Now, a couple of things I'd like to point out is, if the government failed to bring any type of documentation, judicially noticeable documents, to the district court, they were put on notice. We timely objected. It's included, our objections are included in the government's supplemental excerpt. They were put on notice that there were no judicially documents available at that time, and the government simply failed to do so. And by them now trying to supplement the record, it goes against the normal case law of this court. This court has numerous examples. I know even Judge Noonan wrote one of those opinions, where it's not the normal thing to do. Only in exceptional circumstances will the court of appeals allow the government to fix their problems by bringing evidence. What about United States v. Pimentel Flores, where we remanded it to the district court to, on an open record, to figure out what to do in a modified categorical approach? I think there's a couple of differences. In Pimentel, I don't believe there was any objection, and it was, the only time that objection was brought up, that it wasn't a crime of violence, was on appeals. Whereas in this case, we actually brought that objection there at the district court. And so the issue was there, they knew about it, and the government simply failed to act on it. And so we don't feel it's fair. If we were to let the government do this on all the cases, then every time they failed to provide the proof that they think would be appropriate, we would have a big waste of judicial resources, because they'd just be coming here for a second evaluation and get another bite at the apple. Another thing I'd like to point out is that even if we look at the evidence they brought, there's something I should have clarified better in my brief about my client not accepting the facts that were done at the change of plea. First of all, in a lot of these other cases we refer to, the person pled no contest to an indictment or an information. In this case, there was no indictment or information for kidnapping. In fact, all that happened is he pled guilty with a plea agreement. In the specific statute, which subsection, which nefarious purpose was listed, was never included. And if we look at the actual factual basis that was given, first of all, the police report was not incorporated into the factual basis. It was referenced, but it was not incorporated. In case law, it's pretty clear it has to be incorporated. Second of all, Marquez's, Louisville Marquez's attorney did object to the facts. Now, it wasn't at the change of plea hearing. It was at the sentencing hearing. And that change, and that is in the, once again, in the appellee's supplement excerpts of records in page 59 through about page 62 or 63. In fact, the attorney said, made a statement that there was no infliction or threatened affliction of serious physical injury, that they were unsure whether or not there was even any attempt to try to harm the alleged victim. They didn't even know whether or not he was trying to rob the alleged victim. There was no indication he was trying to commit an armed robbery. The only action was an attempt to try to take hold of one of her hands. It also called into question whether or not he had a knife. And if he did have a knife, it was under his shirt. And there was case law in Arizona saying that it might not even have been a deadly weapon. And it wasn't out. He wasn't trying to threaten her with it. And so there was objection to all these facts that they're trying to give at this time. So even if the Court were to allow all that information in, there's serious issues whether or not there would be a modified categorical analysis at this time. And I'm wondering if I can reserve the rest of my time for rebuttal. You may. May I please inquire into how I'm representing the government in this matter? Duke Smith is correct in this matter. He is conformed by Gonzalez-Perez. And this Court said that the elements of the generic contemporary meaning of kidnapping is with a nefarious purpose. All of the subsections for Arizona kidnapping in 1304 are for nefarious purposes. Counsel argues that the pilot hypothetical, the restraining of the pilot, is outside what other states call kidnapping. There are two responses to that. First, restraining the pilot so that the co-pilot can do with the airplane as he wishes, even if he would fly the airplane to its proper destination, would qualify as a nefarious purpose. And so I understand the import of that hypothetical. And the other thing is that this Court has said that what the generic meaning requires is a nefarious purpose. And I'm not aware of any case law that would require all the states and all the jurisdictions to agree on just exactly what the nefarious purposes are. Mr. Howe, could I get one thing clear from the government's perspective? Surely. We understand your point with respect to the categorical analysis, but assuming arguendo, that's the only area, does the government concede that there's no way for it to make out its case under the modified categorical analysis? We don't concede that at all. You don't? Your Honor, What was before the Court besides the charging documents or a pre-sentence report in this case? As is detailed in page 21 of the PSR, the Prohibition Office had the memorandum decision of the Court of Appeals on page... That wasn't before the sentencing court, was it? It was in the PSR, Your Honor, and if the Prohibition Office is a norm of the Court, it would be before. That highlights, I think, part of the difficulty or the irregularity in this case. Well, do you agree, at least with this, that anything that was not before the sentencing court cannot be considered for purposes of determining whether this case falls within the modified categorical analysis? Well, Your Honor, as we argue in a brief, this Court could take a judicial... Let's say we don't do that. Yes. Do you agree that if we don't grant your request for taking judicial notice, that whatever was there was there and that's it? Well, in that instance, Your Honor, this Court should remand it for resentencing on an open record as the Court did in the Black case. So, for example, it's your position then that with respect to the modified categorical analysis, if were we to conclude, for example, that this doesn't meet the categorical analysis, you would want us to remand to the Court for on an open record to reconsider the issue of the modified categorical analysis so that these additional documents could be placed before the Court? Yes. Why should we do that? In other words, why should there be a redo when every time one of these cases comes up, the government knows there's a two-tier analysis that's categorical or alternatively modified? Why should the government get two bites at the apple on this kind of a setup? Well, Your Honor, from the government's point of view in this case, the government's error was in not admitting the documents before the District Court. As I understand the record, I did not represent the government at sentencing. It's that the indictment and the judgment were supplied to the Defendant's Counsel at sentencing. And the only thing that the government did not have was the memorandum decision, which the Court had before in the PSR. And why judicial notice, I think, is appropriate in this instance is that the Court was aware of the factual basis of the kidnapping. That was the basis of the Court's ruling. As the Court said on page 30 of the Defendant's answer of record at sentencing, she believed that it would categorically qualify as a criminal violation. But she was formally leaving that for another Court. Reading the transcript here, it does seem that she's saying that the Court finds there's evidence sufficient using the evidence which is available through the reports. Yes. And then goes on to say thinks the Ninth Circuit would find the interpretation to be, in effect, a crime of violence, but doesn't know exactly and then doesn't actually rule on that. Yes. And this Court is politically within its rights to remand this to the District Court for resentencing on an open record. However, given that the error that has occurred in this case, it's not that the documents weren't there before the Court, but the government failed to formally admit them. That was the government's error. And I would like to note two things. Well, the main thing is that it canceled orgies because the underlying plea was an alpha plea or a no contest plea that the Defendant necessarily did not make admissions that would support the plea. This Court has held in United States v. Hernandez at 431, Fentzer at 1212 as the case in this Court in 2005, and United States v. Snyder at 643, Fentzer at 694, which is 2011 cases at once. Once a Defendant enters a plea, the Court is allowed to rely on that to make its tailored shepherd findings. If this Court has no further questions? I think not. Thank you. Thank you. Okay. We do agree there's case law saying that if someone pleads no contest, that can be used for a modified categorical approach. But in this case, the appellant's attorney objected to that factual basis in the sentencing hearing and flat out contested all these elements that would possibly support a modified categorical approach. And so if we look at, and I reviewed those earlier, that he denied, he contested whether or not the knife was used, and all the action was was to take someone's hand. If you look at Subsection 6 of the Arizona Kidnapping Statute, where that is to seize control of a vehicle, it's very possible based on the factual basis that was not objected to by Marquez-Lobos that he could have been convicted under that specific subsection. And so once again, we don't think that these documents should be allowed, but even if they are allowed based on the objections by the attorney at the time of the sentencing back in the 1980s, it's very possible that he was found guilty of a kidnapping subsection that would not require any type of force, use of force or temporary force. But I think that, just to make sure I understand the procedural context, it looked like the district court overruled the objections, correct? Yes, he did, but the objections were made. And so the question goes, what did the appellant actually admit to? He did not admit to the actual violence. And one other point I'd like to point out, in Strickland, it says the best evidence that would be the agreed factual statement presented with his plea, the plea colloquy or some similar document contemporaneous with the plea itself. And the memoranda decision was not contemporaneous, and it was not actually presented. It was just referenced at the time of sentencing. Thank you, Your Honors. Thank you. I thank both counsel for your argument this morning. The case of United States v. Marquez-Lobos is submitted.
judges: Noonan, McKeown, Smith